```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RACHEL CLARK,                    )
                                 ) Civil Action
            Plaintiff            ) No. 11-cv-01358
                                 )
      vs.                        )
                                 )
AMIRAH WINDLEBLECK,              )
                                 )
            Defendant            )
```

                    \*   \*   \*

APPEARANCES:

      JAMES D. HAGELGANS
          On behalf of plaintiff

      JOSEPH B. MAYERS
          On behalf of defendant

                    \*   \*   \*

                  O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, which motion was filed May 3, 2011.  On May 18, 2011, Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint was filed.  For the reasons articulated below, I deny defendant's motion to dismiss.

JURISDICTION

Jurisdiction in this case is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of the State of Florida.  Defendant is a citizen of Commonwealth of Pennsylvania.  Plaintiff alleges that the amount in controversy exceeds of $75,000.00.

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to plaintiffs' claims allegedly occurred within this judicial district.

PROCEDURAL HISTORY

On February 28, 2011 plaintiff Rachel Clark filed her Complaint against defendant Amirah Windlebleck.  In her Complaint, plaintiff alleges that defendant was negligent while driving her automobile and that defendant's vehicle struck the rear of plaintiff's vehicle, causing plaintiff to sustain injuries.

On March 25, 2011 Defendant's Motion to Dismiss Plaintiff's Complaint was filed.  The motion contends that plaintiff failed to establish subject matter jurisdiction because her Complaint failed to set forth sufficient facts to demonstrate

that the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332.[1]

By my Order dated April 5, 2011 and filed April 7, 2011, I determined that plaintiff failed to establish subject matter jurisdiction based on diversity of citizenship. Specifically, plaintiff failed to properly allege the citizenship of each party.  Accordingly, I ordered plaintiff to file an amended complaint and dismissed defendant's original motion to dismiss as moot, without prejudice to re-file, after plaintiff filed her amended complaint.

In my April 5, 2011 Order, I specifically declined to rule on the merits of defendant's motion to dismiss, but I granted plaintiff leave to amend, in order to establish diversity of citizenship, and also to respond to defendant's motion to dismiss.  I noted that in the event defendant sought dismissal of an amended complaint, plaintiff might not be granted leave to re-plead again.

On April 20, 2011 plaintiff filed her Amended Complaint.  On May 3, 2011 Defendant's Motion to Dismiss Plaintiff's Amended Complaint was filed, contending that

---

[1] Title 28 United States Code Section 1332(a)(1) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between — (1) citizens of different states....

plaintiff fails to set forth facts sufficient to establish that the amount in controversy exceeds $75,000.00.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction....

Pursuant to Rule 12(b)(1), a party may assert either a facial or factual challenge concerning whether the District Court properly has subject matter jurisdiction over the matter.  Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  A challenge to a complaint for failure to allege subject matter jurisdiction constitutes a "facial" challenge.  Id.

When a motion presents a facial challenge to the court's subject matter jurisdiction, the court must treat the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.  NE Hub Partners, L.P. v. CNG Transmission Corporation, 239 F.3d 333, 342 (3d Cir. 2001); see also Fed.R.Civ.P. 8(f).

Dismissal pursuant to a facial challenge under Rule 12(b)(1) is proper only where the court concludes that the claims clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction, or are wholly insubstantial

and frivolous.  In other words, the claims must be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991) (internal citations omitted).

## AMENDED COMPLAINT

Based upon the averments in plaintiff's Amended Complaint, which I must accept as true under the foregoing standard of review, the pertinent facts are as follows.

As a result of the automobile collision, plaintiff sustained a significant injury to her lumbar spine and surrounding musculature, including a herniated disc and a pinched nerve at L4-5 with radiculopathy into both lower extremities. She will likely require spinal surgery in the near future.[2]

Plaintiff also sustained significant injury to her cervical spine and surrounding musculature, which includes cervical strain and a whiplash injury.  She suffers from muscle spasms of her back, pain and tenderness to her neck and lumbar back area, and a decreased range of motion in her cervical spine neck area and lumbar spine low back area.[3]

---

[2]  Amended Complaint, ¶ 7.

[3]  Id.

Plaintiff has a severely limited range of motion and decreased functional ability in her neck and low back. Plaintiff additionally suffers from headaches as a result of the collision.[4]

Plaintiff has suffered and will continue to suffer ongoing and severe pain and suffering, discomfort, embarrassment, humiliation, inconvenience, and the loss of the enjoyment of life's pleasures. She will suffer and may continue to suffer scarring and disfigurement.[5]

Additionally, plaintiff has incurred medical expenses and may incur future medical expenses. Plaintiff has suffered a loss of earnings and a loss of earning capacity, and may in the future continue to suffer such losses.[6]

Based on the forgoing, plaintiff alleges that the value of her ongoing pain and suffering clearly exceeds $75,000.00, not including interest, costs, and the aforementioned economic damages plaintiff suffered.[7]

---

[4] Id.

[5] Amended Complaint, ¶¶ 8, 9 and 12.

[6] Amended Complaint, ¶¶ 10 and 11.

[7] Amended Complaint, ¶ 12.

CONTENTIONS OF THE PARTIES

Defendant's Contentions

Defendant contends that plaintiff has failed to set forth sufficient facts to demonstrate that the amount in controversy exceeds $75,000.00.  Specifically, defendant contends that plaintiff's recovery is limited by the Pennsylvania Motor Vehicle Financial Responsibility Law.[8]

According to defendant, the Pennsylvania Motor Vehicle Financial Responsibility Law precludes plaintiff from seeking non-economic damages in the form of pain and suffering unless she selected the full-tort option on her automobile insurance policy or suffered a serious impairment of bodily function.  Plaintiff does not allege that she selected the full-tort option, and defendant believes that plaintiff selected the limited-tort option.[9]

Further, defendant argues that plaintiff's allegations do not suggest serious bodily impairment.  Defendant contends that plaintiff's allegation that "surgery will most likely be required" to address her injuries is speculative and that, in fact, surgery is not likely to occur.  Defendant also disputes plaintiff's allegations that she "will suffer and may continue to

---

[8]   75 Pa.C.S.A. § 1731.

[9]   Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, page 2.

suffer" scarring and disfigurement because, as stated in plaintiff's Amended Complaint, such injury has not yet occurred.

Finally, defendant contends that plaintiff did not sufficiently allege economic damages because defendant believes that plaintiff was unemployed at the time of the accident and therefore could not have sustained any wage loss.

### Plaintiff's Contentions

Plaintiff contends that, while her damages are not easily calculable, she has plead damages "clearly in excess of $75,000."[10]  Plaintiff avers that her allegations are made in good faith and contends that, pursuant to St. Paul Mercury Indemnity Co. v. Red Cab Co., it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  303 U.S. 283, 289, 58 S.Ct. 86, L.Ed. 845 (1938).

### DISCUSSION

Title 28 United States Code Section 1332(a)(1) gives district courts original jurisdiction to hear civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states.  The party asserting diversity jurisdiction bears the burden of proof by a preponderance of the evidence.  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

---

[10]     Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, page 4; Amended Complaint, ¶ 12.

The amount in controversy is generally determined from the face of the complaint itself.  It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Angus v. Shiley Inc., 989 F.2d 142, 145-146 (3d Cir. 1993); see also Valley v. State Farm Fire and Casualty Company, 504 F.Supp.2d 1, 3 (E.D.Pa. 2006) (Shapiro, S.J.).

The sum claimed by the plaintiff controls if the claim is "apparently made in good faith."  It must appear to a "legal certainty" that the claim is "really for less than the jurisdictional amount" to justify dismissal.  Huber v. Taylor, 532 F.3d 237, 243 (3d Cir. 2008) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

A plaintiff's inability to ultimately recover an amount adequate to give the court jurisdiction does not show bad faith and does not oust the court's subject matter jurisdiction.  Huber, 532 F.3d at 243.  Subsequent revelations pertaining to the amount in controversy only warrant dismissal when such a revelation clearly establishes that the plaintiff's claims never could have amounted to the sum necessary to support diversity jurisdiction.  Id.

In this case, I cannot conclude that the Amended Complaint is so patently deficient as to reflect a legal

certainty that plaintiff could not recover the $75,000.00 jurisdictional amount alleged.

Plaintiff alleges that surgery will likely be required as a result of her injuries.  While defendant contends that surgery is unlikely, there are no subsequent revelations before the court which definitively establish that plaintiff will not undergo surgery.

Moreover, even if surgery were not required, plaintiff alleged that she suffered a significant injury to her lumbar spine, including a herniated disc and a pinched nerve, an injury to her cervical spine, which includes a whiplash injury, and that she suffers from muscle spasms of her back, pain and tenderness to her neck and a decreased range of motion in her neck and back, and that she now suffers from headaches as a result of the collision.  Plaintiff also avers that she has sustained a loss in wages as a result of her injuries and has suffered from pain and suffering.[11]  These factual allegations are sufficient to establish that plaintiff's allegations concerning the amount in controversy were made in good faith.[12]

---

[11] Defendant's contentions that plaintiff "may have selected the limited tort option" thereby precluding recovery for pain and suffering and that defendant "believes that plaintiff was unemployed at the time of this accident" does not establish, before the close of discovery, that plaintiff cannot recover for these damages.  Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, pages 2 and 3.

[12] Regardless of whether plaintiff can recover for pain and suffering and lost wages, I cannot conclude with legal certainty that plaintiff could not possibly recover $75,000.00.

Because I conclude that plaintiff's allegations regarding the amount in controversy were made in good faith, the "sum claimed by the plaintiff controls." Huber, 532 F.3d at 243. Accordingly, plaintiff's Amended Complaint establishes that this court has subject matter jurisdiction. Therefore, I deny Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and give defendant until April 20, 2012 to answer the Amended Complaint.

## CONCLUSION

For the foregoing reasons, I conclude that plaintiff has sufficiently pled an amount in controversy adequate to invoke this court's subject matter jurisdiction. No subsequent revelations have established to a legal certainty that plaintiff could not recover $75,000.00. Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is denied, and defendant is given until April 20, 2012 to answer the Amended Complaint.